IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. 2:10-772 |
| | § | (C.A. No. 2:15-272) |
| JOSE FRANCISCO GELOVER-JEREZ, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Jose Francisco Gelover-Jerez filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 35. The Court concludes that it is not necessary to order a Government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (2015).

### I.  PROCEDURAL BACKGROUND

Gelover-Jerez was sentenced to 120 months in the Bureau of Prisons in 2011 based upon his guilty plea to conspiracy to transport unlawful aliens, which placed in jeopardy the life of another, and illegal reentry.[1] He did not appeal.

Gelover-Jerez filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in March 2014, in which he argued that the evidence was insufficient and his counsel failed to file a notice of appeal. The Court denied the motion on October 29, 2014. D.E. 33.

---

[1] Gelover-Jerzez was sentenced to 120 months on each count to be served concurrently. *Id.*

## II. MOVANT'S CLAIMS

Gelover-Jerez claims that his sentence was based upon facts not proven to a jury, nor proven beyond a reasonable doubt, in violation of *Alleyne v. United States*, — U.S. —, 133 S.Ct. 2151 (2013).

## III. SECOND OR SUCCESSIVE § 2255 MOTION

As stated *supra*, Gelover-Jerez filed a previous § 2255 motion in 2014, in which he raised other claims. His current motion is a second or successive motion. In pertinent part, 28 U.S.C. § 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before the Court. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); *see also* 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Gelover-Jerez' motion does not indicate that he has sought or obtained permission from the Fifth Circuit to file the present motion. Until he does so, the Court does not have

jurisdiction over the motion. Accordingly, Gelover-Jerzez' motion is denied as second or successive. *See United States v. Orozco-Ramirez*, 211 F.3d 862, 869 (5th Cir. 2000).

## IV.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Gelover-Jerzez has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that Gelover-Jerzez cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## V.  CONCLUSION

For the foregoing reasons, Gelover-Jerez' to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 35) is **DENIED** as second or successive, and he is **DENIED** a Certificate of Appealability.

It is so **ORDERED.**

**SIGNED** on this 28th day of September, 2015.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE