Case 2:10-cr-00772 Document 39 Filed in TXSD on 07/06/16 Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
July 06, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. 2:10-772 |
| | § | (C.A. No. 2:16-265) |
| JOSE FRANCISCO GELOVER-JEREZ, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Jose Francisco Gelover-Jerez' motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 38.

Gelover-Jerez was sentenced in 2011 to 120 months in the Bureau of Prisons for conspiracy to transport unlawful aliens, which placed in jeopardy the life of another person. He did not appeal, but filed a motion under 28 U.S.C. § 2255, which the Court denied. D.E. 34. He filed a second § 2255 in 2015, which the Court denied as second or successive. D.E. 35, 37. His present § 2255 motion seeks relief pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015), and *Welch v. Untied States*, 136 S.Ct. 1257 (2016).

## ANALYSIS

Gelover-Jerez' present motion was filed after a previous § 2255 motion, thus, his current motion is a second or successive motion. In pertinent part, 28 U.S.C. § 2255(h) provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Gelover-Jerez' motion does not indicate that he has sought or obtained permission from the Fifth Circuit to file the present motion. Until he does so, this Court does not have jurisdiction over the motion. Accordingly, Gelover-Jerez' motion (D.E. 38) is **DISMISSED** as second or successive. *United States v. Orozco-Ramirez*, 211 F.3d 862, 869 (5th Cir. 2000) (district court properly dismissed second or successive claim).

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Gelover-Jerez has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA

determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The Court finds that Gelover-Jerez cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## CONCLUSION

For the foregoing reasons, Gelover-Jerez' motion (D.E. 38) is **DISMISSED** as second or successive, and he is **DENIED** a Certificate of Appealability. The Clerk is instructed to **TRANSFER** the motion to the Fifth Circuit Court of Appeals as an unauthorized second or successive motion. *See In re Epps*, 127 F.3d 364, 365 (1997). The Clerk is further instructed to send to Gelover-Jerez copies of Docket Entry Nos. 34, 35, 37 in this case and Docket Entry No. 40 in Cause No. 4:08-CR-134.

It is so **ORDERED** this 6th day of July, 2016.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE